UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES CHERRY, | : | |
|     Petitioner, | : | CIVIL CASE NO. |
| | : | 3:12-CV-1526 (JCH) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | JUNE 5, 2013 |
|     Respondent. | : | |

**RULING RE: PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [Doc. No. 1]**

Petitioner Charles Cherry proceeds pro se, pursuant to section 2255 of title 28 of the United States Code ("2255"), to vacate, set aside, or correct his federal criminal sentence of sixty months of imprisonment followed by three years of supervised release. See Cherry 2255 Mot. (Doc. No. 1). Cherry argues that his guilty plea was involuntarily made, that his counsel was ineffective, and that the sentence imposed on him was illegal. See id. at 5–9.

The government argues that Cherry's claim is barred because Cherry specifically waived his right to appeal or mount a collateral attack on his conviction or sentence so long as it did not exceed sixty months of imprisonment and five years of supervised release. See Gov't Mem. in Opp. to Cherry 2255 Mot. (Doc. No. 8) ("Gov't Opp.") at 1. The government also argues that Cherry's allegations of ineffective assistance of counsel are "without any legal or factual support" and are "belied by the clear record before the Court." Id.

**I.   BACKGROUND**

On December 21, 2010, a federal grand jury returned an Indictment charging Cherry with two Counts of being a felon in possession of a firearm in violation of

1

sections 922(g)(1) and 924(e) of title 18 of the United States Code.  Indictment (Doc. No. 1), United States v. Cherry, No. 3:10-cr-246 (JCH).  On July 8, 2011, Cherry pled guilty to Count One of a Substitute Information, which charged him with possession of a firearm in furtherance of a drug trafficking felony in violation of section 924(c) of title 18 of the United States Code.  See Plea Agreement (Doc. No. 37), United States v. Cherry, No. 3:10-cr-246 (JCH); Information (Doc. No. 32), United States v. Cherry, No. 3:10-cr-246 (JCH).  The Plea Agreement contained the following paragraph, titled "Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence":

> The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence.  The defendant agrees not to appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence imposed by the Court if that sentence does not exceed 60 months, a term of supervised release of five years, and a fine of $250,000, even if the Court imposes such a sentence based on an analysis different from that specified above. . . .  The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

Plea Agreement at 4.  Before accepting the Plea Agreement, the Magistrate Judge discussed Cherry's waiver of his appeal right.  See Change of Plea Transcript (Doc. No. 55) ("Change of Plea Tr."), United States v. Cherry, No. 3:10-cr-246 (JCH).  Cherry stated that he read and understood the Plea Agreement. Id. at 25.  The court then had the government attorney outline the terms of the Plea Agreement, during which the attorney noted that the Plea Agreement contained a "waiver of a right to appeal." Id. at 26.  Cherry indicated that he understood that he was giving up, among other rights, his right to appeal his sentence. Id. at 28.  The court then determined that Cherry entered into the Plea Agreement voluntarily, knowingly, and of his own free will. Id. at 46.

On October 12, 2011, this court sentenced Cherry to sixty months of imprisonment followed by three years of supervised release, as well as a $100 special assessment.  See Judgment (Doc. No. 51), United States v. Cherry, No. 3:10-cr-246 (JCH).

## II.    STANDARD OF REVIEW

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Ciak v. United States, 59 F.3d 296, 301 (2d Cir. 1995) (internal citation omitted).  "As a general rule, relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Napoli v. United States, 32 F.3d 31, 35 (2d Cir. 1994) (internal citations and quotation marks omitted).  Because Cherry is proceeding pro se, the court must read his "submissions broadly so as to determine whether they raise any colorable legal claims." Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008) (citing Weixel v. Bd. of Educ., 287 F.3d 138, 145–46 (2d Cir. 2002)).

Section 2255 provides that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  To determine whether Cherry is entitled to an evidentiary hearing on his motion, the court looks "primarily to the affidavit or other evidence proffered in

3

support of the application in order to determine whether, if the evidence should be offered at a hearing, it would be admissible proof entitling the petitioner to relief." LoCascio v. United States, 395 F.3d 51, 57 (2d Cir. 2005) (quoting Dalli v. United States, 491 F.2d 758, 760 (2d Cir. 1974)).  "The petitioner must set forth specific facts which he is in a position to establish by competent evidence."  Id. (quoting Dalli, 491 F.2d at 761).

### III.   DISCUSSION

#### A.  Waiver of Right to Appeal or Collaterally Attack Sentence

The government argues that Cherry's waiver of his right to appeal or mount a collateral attack on his sentence precludes him from bringing a challenge to his sentence under section 2255.  "[W]aivers of the right to appeal a sentence, like waivers of constitutional rights, are invalid unless they are voluntary and knowing." United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004) (quoting United States v. Ready, 82 F.3d 551, 556 (2d Cir. 1996)).  "Thus, a defendant's promise in a plea agreement to forgo the right to appeal a sentence is not enforceable unless 'the record "clearly demonstrates" that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary.'"  Id. at 116 (quoting Ready, 82 F.3d at 557).

This court's independent examination of the record reveals that Cherry's waiver of appeal and collateral attack rights was knowing and voluntary.  Cherry read and signed the Plea Agreement containing the waiver of both his appeal and collateral attack rights.  See Plea Agreement at 13; see also Change of Plea Tr. at 38.  Magistrate Judge Fitzsimmons orally advised Cherry at his plea hearing that he was "giving up

certain rights, including your right to appeal your sentence." Change of Plea Tr. at 28. Cherry told the court that he understood these rights. Id. Moreover, Cherry does not argue in his Motion that he did not waive his right to appeal or collaterally attack his sentence, that he was unaware that he had waived that right, that he did not understand the terms of the waiver or the Plea Agreement, or that the waiver should not be enforced. See generally Cherry 2255 Mot.

Cherry argues that his plea was not "knowingly or intentionally entered" because the court "failed to inform" Cherry that he was "waiving the indictment as to the elements [of the offense]," including the element that the offense be "knowingly and intentionally" committed. Id. at 5. However, Cherry stated that he read the Information and had adequate opportunity to discuss it with his attorney. Change of Plea Tr. at 14.[1] Magistrate Judge Fitzsimmons read the charge in the Information out loud to Cherry and had the Assistant United States Attorney read the elements of the charge to Cherry, which included the element that Cherry "knowingly" possessed a firearm in furtherance of the drug trafficking crime." Id. at 38–40. Further, the "knowingly" aspect of the elements was set forth in the Plea Agreement at page 1, which Cherry stated he had read, Change of Plea Tr. at 25. Cherry stated that he understood the charge and had an adequate opportunity to discuss the charge with his lawyer. Id. at 40. When Magistrate Judge Fitzsimmons asked him specifically whether he had any questions about the charge "or what it means," Cherry stated, "No, I understand." Id. There is no

---

[1] This court assumes that Cherry's argument relates to the Information, to which he pled guilty, not to the Indictment. Regardless, Cherry stated that he read the Indictment, had adequate opportunity to discuss it with his attorney, and was voluntarily waiving his right to be indicted by a grand jury on the two counts in the Indictment. Change of Plea Tr. at 15–16. The court then found that Cherry knowingly, intelligently, and voluntarily waived his right to indictment by a grant jury; and Cherry signed a waiver of the Indictment. Id. at 17–18.

basis for Cherry's argument that he did not "knowingly" enter into his plea because the court failed to inform him that he was "waiving the indictment as to the elements" of the offense. Cherry 2255 Mot. at 5.

Cherry raises no other argument to attack his waiver of appeal and collateral attack rights. Thus, this court concludes that Cherry knowingly and voluntarily waived his appeal and collateral attack rights.

### B. Effect of Guilty Plea on Ineffective Assistance Claim

Even if the court were to find that Cherry did not waive his right to collaterally attack his sentence, his underlying claim of ineffective assistance of counsel is meritless. "'A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events that occurred prior to the entry of the guilty plea." Parisi, 529 F.3d at 138 (quoting United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996)). "'A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" Tate v. United States, No. 07-cv-1522 (RNC), 2009 WL 1011337, *2 (D. Conn. Apr. 15, 2009) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)). Accordingly, when a petitioner has entered a guilty plea, "the petitioner must show that the plea agreement was not knowing and voluntary," and a claim of ineffective assistance of counsel must challenge "the constitutionality of the *process* by which the defendant pleaded guilty." Parisi, 529 F.3d at 138 (internal citations and quotation marks omitted) (emphasis in original); see also

United States v. Torres, 129 F.3d 710, 715–16 (2d Cir. 1997) (declining to address on appeal defendant's claim that counsel was ineffective at pretrial suppression hearing, because such allegations did not relate to voluntary and knowing character of guilty plea); Coffin, 76 F.3d at 497–98 (finding that defendant's guilty plea effectively waived ineffective assistance of counsel claims relating to events occurring prior to guilty plea).

Here, Cherry does not challenge the advice he receive in connection with the Plea Agreement.  Rather, he claims that his counsel was ineffective with respect to events that occurred prior to his pleading guilty:  that his counsel failed to "timely move this Court to Dismiss the charge[s]" and did not show that Cherry was "actually innocent" when the evidence was insufficient to convict him.  Cherry 2255 Mot. at 5–8.

Two of Cherry's arguments are frivolous.  First, Cherry argues that his counsel was ineffective for failing to challenge Cherry's "illegal" sentence.  Although this claim relates to events that occurred after Cherry's guilty plea, it is clearly meritless.  Cherry alleges that this court illegally sentenced him to both a term of imprisonment and probation.  Cherry 2255 Mot. at 9.  However, this court did not order any term of probation:  it sentenced Cherry to sixty months of imprisonment followed by three years of supervised release.  See Judgment (Doc. No. 51), United States v. Cherry, No. 3:10-cr-246 (JCH).  Second, Cherry argues that his plea is involuntary because there was no evidence "that the firearm affected interstate commerce."  Cherry 2255 Mot. at 8.  The crime to which Cherry pled guilty, 18 U.S.C. § 924(c), does not have as an element that the firearm traveled in interstate or foreign commerce.  Compare 18 U.S.C. § 924(c) (referring to a person who, "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who . . . possesses a firearm"), with 18

U.S.C. § 922(h) (referring to a person convicted of a felony who "receives, possesses, or transports any firearm or ammunition in or affecting interstate or foreign commerce").

Moreover, it is not enough to argue that, but for counsel's advice regarding matters that occurred prior to the plea, Cherry would not have pled guilty. "Everything that occurs prior to a guilty plea or entry into a plea agreement informs the defendant's decision to accept or reject the agreement. An ineffective assistance of counsel claim survives the guilty plea or the appeal waiver <u>only where the claim concerns the advice the defendant received from counsel</u>" in connection with the plea. Parisi, 529 F.3d at 138 (emphasis added) (alteration omitted). In other words, "the issue is not the merits of" the claims themselves, but rather, whether the defendant "intelligently and voluntarily with the advice of competent counsel" pled guilty. Coffin, 76 F.3d at 497–98 (internal citations, quotation marks, and alteration omitted). An argument "misses the point [if] it focuses on pre-plea events rather than the plea agreement process." Parisi, 529 F.3d at 138. Again, here, the record shows that Magistrate Judge Fitzsimmons engaged in a lengthy plea colloquy and, after that colloquy took place, found that Cherry knowingly and voluntarily chose to plead guilty. See Change of Plea Tr. at 46. Accordingly, Cherry's claims that his counsel was ineffective are denied because they do not challenge the knowing and voluntary nature of his guilty plea.

**IV.  CONCLUSION**

For the foregoing reasons, the court **DENIES** Cherry's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1). Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, any appeal from this Order would not be taken in good faith, and a certificate of appealability shall not issue. The

Clerk is directed to close the case.

**SO ORDERED.**

      Dated at New Haven, Connecticut this 5th day of June, 2013.

                                      /s/ Janet C. Hall  
                                      Janet C. Hall  
                                      United States District Judge